IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET SUE CHRISTIAN                                                    PLAINTIFF

v.                                    NO.  2:06-CV-02198-RTD

CENTRAL RECORD SERVICES, INC.                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an employment discrimination lawsuit filed on November 30, 2006.  The Defendant has filed a Motion to Dismiss Pursuant to Rule 12(b) (Doc.4), the Plaintiff has filed a Response (Doc. 8) on January 31, 2007 and the Defendant has filed its Reply (Doc.10) on February 5, 2007.  The Motion has been referred to the undersigned for recommendation.

I.  Background

The complaint was filed in this case on November 30, 2006.  An Order was entered on November 30, 2006 allowing the Plaintiff to proceed in forma pauperis and directing that the complaint to be filed nunc pro tunc as of November 22, 2006.

Paragraph three of Plaintiff's complaint states that the Plaintiff received the notice of right to sue from the Equal Employment Opportunity Commission on August 23, 2006.  The effective filing of the complaint was on the ninety first day.

II.  Discussion

The Defendant contends that the complaint should be dismissed because the complaint was not filed within 90 days as required by 42 U.S.C. § 2000e-5(f)(1) and failure to do so is

1

**jurisdictional**.  The Defendant cites **Hinton v. C.P.C. Intern, Inc.**, 520 F.2d 1312 (Ca 8th 1975) While Hinton does state that the 90-day filing limit is jurisdictional Hinton has been overruled. This issue was addressed in **Hill v. John Chezik Imports** where the court stated "Hill argues that the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is **not jurisdictional** and is therefore subject to equitable tolling.  We agree.  In *Zipes v. Trans World Airline, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (*Zipes* ), the Court considered whether the statutory time limit for filing charges with the EEOC under Title VII is a jurisdictional prerequisite to federal suit.  *Zipes* held that the time limit is not jurisdictional in nature and that, like a statute of limitations, the requirement is subject to equitable tolling in appropriate cases.  *Id.* at 393, 102 S.Ct. at 1132."  *Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir.1989)

The Defendant has also cited **Washington v. Foresman** for the proposition that the 90-day limit is jurisdictional but that court stated "the ninety day limit of § 2000e-5(f)(1) is not a jurisdictional prerequisite. Instead it is more like a statute of limitations." **Washington v. Foresman**, 148 F.R.D. 241(N.D. Ind. 1993)

The Defendant has also cited **Shelley v. Bayou Metals**, 422 F. Supp. 545 (1975) for the proposition that the 90-day filing time is jurisdictional, however, as previously noted this case was decided in 1975 and the language has been effectively overruled in *Hill v. John Chezik Imports*, Id.

Courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff." Hill, 869 F.2d at 1124.   The United States Supreme Court has indicated that equitable tolling is justified where the EEOC notice is inadequate, where there is a pending motion for appointment of counsel and equity would justify tolling, where the

2

court has led the plaintiff to believe she has done everything required of her, where affirmative misconduct on the part of the defendant lulled the plaintiff into inaction, Baldwin County Welcome Ctr., 466 U.S. at 151, 104 S.Ct. at 1725, or where the plaintiff, during the statutory period has actively pursued his judicial remedies by filing a defective pleading. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Court generally has been much less forgiving in receiving late filing where the claimant failed to exercise due diligence in preserving his legal rights.

The Plaintiff asserts that she was told "by her attorney" that she had until the 23rd of November to file. She also stated that she was "under the impression" that the 90 days were business days and not calendar days.

While the Court disagrees that the filing of the claim outside the 90-day window is jurisdictional the Defendant has made no claim that the failure to file was not effectively tolled and the court makes no ruling concerning whether any time was effectively tolled.

### III. Conclusion

For reasons stated above, I recommend the instant motion as stated be denied. **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

DATED this 7th day of February, 2007

/s/ J. Marschewski

Honorable James R. Marschewski

United States Magistrate Judge