IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET SUE CHRISTIAN                                                              PLAINTIFF

V.                              NO.  2:06-CR-2198-RTD

CENTRAL RECORD SERVICE                                                              DEFENDANT

O R D E R

Before the court is the Plaintiff's Motion to Compel (Doc. 24) filed August 24, 2007.  The Defendant filed a Response (Doc. 27) on September 4, 2007.  The Plaintiff has not filed a Reply.  The case is set for trial on February 28, 2007.

Background:

This is a complaint for Employment Discrimination filed by the Plaintiff on November 22, 2006.  The Defendant filed an Answer (Doc. 16) on March 27, 2007.  The Report of Rule 26(f) Planning Meeting (Doc. 21) was filed June 14, 2007.  The Plaintiff filed Interrogatories and Request for Production (Doc. 24-2) and the Defendant filed a Response (Doc. 24-6) on June 13, 2007.

This dispute center around Request for Production No. 1.  The Plaintiff requested all of her emails from the date of her hire until the date of her termination. The Request was not objected to but merely referred the Plaintiff to "see attachments".  The attachments do contain some emails between other employees dealing with a shipment of boxes on March 23, 2006 and March 17, 2006. It does not appear that the Plaintiff is the sender or receiver on any of these messages.  On August 13, 2007 the Defendant's attorney did write to the Plaintiff and explained that the Defendant did not have any of the emails enquired about in the Request for Production.  (Doc. 24-4) A subsequent Response to the Motion to Compel does state that there are no

additional emails and that all other emails have been deleted in the normal course of business.

Discussion:

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

The Defendant did not contest the relevance of the emails but in the Response to the Request for Production No. 1 the Defendant stated that all emails were attached. (Doc.24-6, page 3) A letter from the Defendant's attorney stated that there were no additional emails. (Doc. 24-4) All of the Plaintiff's email appear to have been deleted in the normal course of business. (Doc. 27, para. 13)

Subsequent to the discovery request the Defendant appears to have made an effort to retrieve any of the Plaintiff's requested emails. The Defendant stated "[T]hat counsel for the defendant advised the plaintiff of the fact that the emails did not exist and advised the plaintiff that efforts were being made to see if the deleted emails could be retrieved. That, still not being certain exactly what the plaintiff was requesting, an effort was made to discover such "deleted emails"; however, such were not able to be retrieved and it would appear that such retrieval is not possible" (Doc. 27, para. 14)

Conclusion:

The **Request for Production No. 1 is MOOT** and the Court finds that the Defendant has made a good faith effort to recover the emails and has otherwise complied with the discovery request.

IT IS SO ORDERED this 11th day of September 2007.

                                            /s/ J. Marschewski
                                        HONORABLE JAMES R. MARSCHEWSKI
                                        UNITED STATES DISTRICT JUDGE