IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET SUE CHRISTIAN                                        PLAINTIFF

V.                           NO.  2:06-CR-2198-RTD

CENTRAL RECORD SERVICE                                  DEFENDANT

<u>O R D E R</u>

The court entered an order finding as Moot the Plaintiff's Motion to compel (Doc. 28) which was filed on September 11, 2007. Before the court now is the Plaintiff's Response which the court is treating as a Motion to Reconsider (Doc. 29) filed September 13, 2007. The Defendant filed a Response (Doc. 31) on September 27, 2007. This case is set for trial on February 28, 2007.

Background:

This is a complaint for Employment Discrimination filed by the Plaintiff on November 22, 2006. The Defendant filed an Answer (Doc. 16) on March 27, 2007. The Report of the Rule 26(f) Planning Meeting (Doc. 21) was filed June 14, 2007. The Plaintiff filed Interrogatories and Request for Production (Doc. 24-2) and the Defendant filed a Response (Doc. 24-6) on June 13, 2007.

This dispute center around Request for Production No. 1. The Plaintiff requested all of her emails from the date of her hire until the date of her termination. On August 13, 2007 the Defendant's attorney did write to the Plaintiff and explained that the Defendant did not have any of the emails enquired about in the Request for Production. (Doc. 24-4) A subsequent Response to the Motion to Compel does state that there are no additional emails and that all other emails have been deleted in the normal course of business.

The court then entered an Order (Doc. 28) on September 11, 2007 finding that the Motion to Compel was Moot because the requested emails had been destroyed. The Plaintiff then filed a Response (Doc. 29) on September 11, 2007 contending that she kept a hard copy of each email in a locked file cabinet in her work area. The court treated this as a Motion to Reconsider and a hearing was conducted on October 18, 2007.

Central Records Service provides a storage and retrieval service to business entities and individuals in the area. Mr. Catsavis, the President of Central Records Service, testified that his company had millions of records which were stored in hundreds of thousands of boxes located in seven warehouses.

The Plaintiff testified that she would make a copy of emails that she received to work on and attach it to the Document Discovery Index (DDI). The DDI was a form developed to assist in the location and retrieval of documents for a particular client. The Plaintiff stated that she would then keep the DDI and a copy of the email in a file cabinet she had in her office area.

Mr. George Catsavis testified that it was never office procedure to keep a copy of the email and the DDI in a separate file but, when the work was completed, to place the DDI and the email in the respective client file. When the company received a request to retrieve information from a client a separate file might be maintained while the work was in progress but once the work was finished all information, including the DDI and emails went into the client's box. Mr. Catsavis further stated that when he terminated the Plaintiff he instructed two of his employees to clean up her work area and put it in order. Mr. Catsavis stated that he did believe that there were copies of DDIs and emails in the Plaintiff's work area but that all of those were either shredded of placed in the appropriate client box.

Courtney Bercher testified that she was employed by the Defendant during the time

period and was instructed by Mr. Catsavis to clean up the Plaintiff's work area. She acknowledged that the Plaintiff did have a file cabinet with DDI information and emails in the cabinet but they moved all of the information into separate client boxes or, if they verified that the information was already in the box, the DDI and emails were shredded.

Susan Gilbert was also present but did not testify because it was agreed that her testimony would be cumulative.

Mr Catsavis also stated that, because of the number of boxes, it would not be economically feasible to examine each of the boxes to determine if they have an email or a DDI that was relevant to the discovery request.

Discussion:

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

It is undisputed from the testimony that the electronically stored emails have been deleted. It now seems evident to the court that some copies of the emails may exist but, if they do exist, the emails are buried in an unknown number boxes within a total of several **hundred thousand** boxes. The ability to discover and retrieve the emails in question would be

unnecessarily burdensome to the Defendant.  Even if the court would order a sample of the various boxes the sample size, to be effective, would be cost prohibitive and may not produce any of the requested emails.

Even relevant evidence may be precluded from discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2) *Roberts v. Shawnee Mission Ford, Inc.*  352 F.3d 358, *361 (C.A.8 (Mo.),2003)

Conclusion:

Taking into account the factors set forth in *Roberts v. Shawnee* and the particular facts of this case the Motion to Reconsider is **DENIED**.

IT IS SO ORDERED this 19th day of October 2007

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge