```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF ARKANSAS
         FORT SMITH DIVISION
```

MARGARET SUE CHRISTIAN                               PLAINTIFF

    vs.                    CASE NO. 06-2198

CENTRAL RECORD SERVICE, INC.                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action against the Defendant for employment discrimination under Title VII of the Civil Rights Act. Plaintiff alleges that she was terminated by the Defendant because of her race. The Defendant denies the Plaintiff's discrimination allegation and claims the Plaintiff was terminated for excessive tardiness, excessive absences, insubordination, complaints by fellow workers, text messaging, talking on her cell phone, playing computer games, listening to music and dancing when working, not following company policies and poor job performance.

The matter is before the Court for decision following trial to the Court on March 3, 2008. The following constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

During the trial, the following facts were established by the evidence:

1.   Plaintiff is an African-American.

2. Plaintiff was employed by the Defendant in various positions from July 6, 2004 to February 24, 2006.

3. Prior to July 6, 2004, the Plaintiff worked for the Defendant through a temporary employment agency beginning in September, 2002.

4. During a period of time from September 1, 2005 through February 24, 2006, the Plaintiff accumulated thirteen (13) absences, ten (10) tardies, and there were eleven (11) occasions where she left work early.

5. Several of Defendant's employees testified that the Plaintiff was rude and intimidating to co-workers, used profanity at work, stormed out of a meeting, was sent home on at least two occasions to calm down, and frequently talked on her cell phone, frequently played computer games, frequently listened to music and danced during business hours.

6. A former supervisor of the Plaintiff testified that the Plaintiff would routinely refuse to comply with directives and orders given by supervisors.

7. Plaintiff received frequent reprimands during the last year of her employment with the Defendant.

8. Between October, 2005 and March, 2006, the Defendant terminated eight (8) Caucasian employees for various violations of company policy similar to those violations

      of the Plaintiff.

9. Plaintiff provided the Court with written statements of three co-workers that did not testify during the trial. While these statements were inadmissable, they were reviewed by the Court. In the statements, the co-workers state that Plaintiff was a good employee and was treated unfairly by the Defendant, but the issue of race was never mentioned.

10. Plaintiff had excessive tardies and absences, was insubordinate, did not get along with fellow workers, talked on her cell phone, played computer games, and listened to loud music and danced when she should have been working, did not follow company policies and demonstrated poor work performance.

## **DISCUSSION**

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act alleging that she was racially discriminated against by the Defendant. Specifically, the Plaintiff claimed the Defendant terminated her employment because she is African-American. In order to prevail on the issue of liability for race discrimination, the Plaintiff must establish a *prima facie* case by showing that: (1) she was a member of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an

3

AO72A
(Rev. 8/82)

adverse employment action; and, (4) similarly situated employees outside the protected class were treated differently. *Phillip v. Ford Motor Company,* 413 F.3d 766, 768 (8th Cir. 2005). If the Plaintiff establishes a *prima facie* case, the burden shifts to the Defendant to articulate a non-discriminatory reason for terminating the Plaintiff. *Id.* If the Defendant satisfies this burden, Plaintiff must show that Defendant's reason is a pretext for intentional discrimination. *Id.* Plaintiff always bears the burden of proving that the adverse employment action was motivated by a discriminatory animus. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Plaintiff failed to show that she was meeting Defendant's legitimate expectations. Defendant contends that Plaintiff was terminated because she had excessive tardies and absences, was insubordinate, did not get along with fellow workers, talked on her cell phone, played computer games, and listened to loud music and danced when she should have been working, did not follow company policies and demonstrated poor work performance. Plaintiff contends the circumstances surrounding her termination give rise to an inference of discrimination as

4

similarly situated employees, who are not African-American, were treated differently. Plaintiff's argument fails because the Defendant offered evidence of at least eight similarly situated Caucasian employees outside the protected class that were terminated between October, 2005 and March, 2006, for similar reasons.

Even employment decisions that are unfair or can be considered the result of poor business judgment are not actionable under Title VII. *See Hill v. St. Louis Univ.*, 123 F.3d 1114 (8th Cir. 1997). While better cooperation and communication between supervisors and those being supervised would be in it of itself desirable, such failure does not establish a cause of action under Title VII. Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions. *See Harvey v. Anheuser Busch, Inc.*, 38 F.3d 968 (8th Cir. 1994). While the Plaintiff sincerely believes she was the subject of unfair treatment, the Court has examined and re-examined the evidence and can only conclude that Defendant's decision to terminate the Plaintiff was not motivated in any sense by Plaintiff's race.

**CONCLUSIONS OF LAW**

1. Plaintiff, a member of a protected class, failed to establish a *prima facie* case of racial discrimination against the Defendant, because she failed to show that

5

>    she was meeting Defendant's legitimate expectations, and even if she met these expectations, Defendant's proffered reasons for terminating her were legitimate and non-discriminatory.

2. Plaintiff was terminated because she had excessive tardies and absences, was insubordinate, did not get along with fellow workers, talked on her cell phone, played computer games, and listened to loud music and danced when she should have been working, did not follow company policies and demonstrated poor work performance.

**ORDER**

Based upon the foregoing, the Court concludes that Plaintiff has failed to prove by a preponderance of the evidence her claim for race discrimination. Accordingly, judgment is for the Defendant, and Plaintiff's claim should be and hereby is **DISMISSED WITH PREJUDICE**, with each party to bear their own fees and costs.

IT IS SO ORDERED this 7th day of March 2008.

>    /s/ Robert T. Dawson
>    Robert T. Dawson
>    United States District Judge

AO72A (Rev. 8/82)